BERRY *et al. v.* DAMPIER *et al.*

[95 South 744. No. 23183.]

APPEAL AND ERROR. *Where stenographer's notes of evidence not sent up, or stricken, presumption that evidence supported chancellor's decree.*
The presumption that the evidence supported the decree of the chancellor will prevail, where the stenographer's notes of the evidence are not sent up as a part of the record or have been stricken from the record.

APPEAL from chancery court of Lawrence county.
HON. D. M. RUSSELL, Chancellor.

Suit by John D. Dampier and others against A. C. Berry and others. From a decree for plaintiffs, defendants appeal. Affirmed.

*Livingston & Milloy,* for appellant.

We regret exceedingly that the stenographer has failed and neglected to file his notes taken on the hearing of this cause, and while we are, for that reason, unable to argue the evidence adduced on the hearing, yet we are permitted to submit this cause on the pleadings of the appellees and on these there is no escape for appellees as to the fact that the claims which they asked the court to adjudicate are

barred and precluded by law and that the court erred in rendering a decree in this cause giving the appellees any relief whatever. We submit that if the law means anything the court below was utterly without power to grant any relief whatever, because there was no question of the expenses of collection before the court in any way. There was no claim or dispute as to the expenses incurred in the collection of the assets on the part of the liquidating agent, but the contention of appellees is and was that the court should allow their claims and thereby prefer them to the stockholders. This the court was without power to do. And the court having allowed claims that the petition itself showed were barred, is such error as this court will review and reverse.

*Magee & Gibson,* for appellees.

The decree of the chancellor in this case is presumed to be correct. There appears in the record no evidence upon which the decree was based and the presumption is that the chancellor had before him at the time he made the decree evidence warranting the conclusion which he reached. As a matter of fact the decree recites that the cause was filed for the purpose of obtaining directions of the court for the distribution of the funds on hand, and it also recites that appellees at the request of stockholders had paid this money with the understanding and agreement that they were to be repaid out of any funds on hand, etc. The chancellor had the minutes of the stockholders' meeting before him upon this question and these minutes preclude appellants from making any complaint now as to the distribution of the funds. It would be manifestly unfair and inequitable for the stockholders to say to appellees that if they would put up additional money they should be repaid this money as a preference claim, and then be allowed to repudiate the agreement as shown by the minutes of stockholders' meeting. In other words, the appellants could not be so allowed to take advantage of their own wrongs.

Undoubtedly the chancery court had jurisdiction of this cause. We take it that the cause was and is peculiarly within the jurisdiction of this court. We submit that the decree upon its face recites all the necessary jurisdictional facts, and shows on its face that it is manifestly right, just and equitable. As said before the chancellor had all the evidence both oral and documentary (the minutes of the stockholders and minutes generally of the bank) before him when he passed upon the case, and his finding is presumed to be correct.

COOK, J., delivered the opinion of the court.

The appellees filed a petition in the chancery court of Lawrence county, Miss., averring, in substance, that they were directors of the Hebron Bank, a banking corporation formerly domiciled at New Hebron, Miss.; that on the 25th day of October, 1918, the said bank went into liquidation and was taken over and administered by the Banking Department of the State of Mississippi; that after all the debts and obligations of the bank, which were required by law to be paid by and through the state banking department, had been paid and satisfied, said banking department called a meeting of the stockholders of the bank and turned over to them the remaining assets of the bank as required by law; that at this meeting the stockholders elected the petitioners, appellees, as liquidating agents of said bank; that as such liquidating agents they had collected out of these assets the sum of about one thousand eight hundred dollars. The petition further averred that the said bank was in a failing condition for a long time before the state banking department took over its affairs; that the petitioners had fully paid for their stock in the bank, but in addition thereto, at the urgent request of the state banking department and the stockholders of the bank, each of them had advanced to the bank the sum of one thousand six hundred eighty dollars in an effort to keep it from failing and to keep its capital stock from

becoming impaired; that for this purpose they had each advanced other and additional sums for which they were making no claims for the reason that there were no assets to pay the same; that as a matter of equity, before the stockholders should be allowed to participate in the distribution of the remaining assets of the bank, the petitioners were entitled to have them applied to the payment of the sums advanced by them in an effort to keep the bank in a solvent condition. The petition further averred that S. E. Lee, a stockholder of said bank, was asserting a claim for the sum of two hundred fifty dollars advanced to the bank under the same conditions, and the petition then submitted the justness and legality of these claims to the judgment of the court and prayed that the funds on hand be applied to the partial payment of these claims for money so advanced to the bank, and that an order be entered directing the disbursement and distribution of the fund.

The stockholders of the bank, other than petitioners, were made parties defendant to this petition, and they appeared and filed an answer objecting to the allowance of the claims of the petitioners. The answer admitted that these petitioners had advanced the said sums at the request of the state banking department, but averred that it was their duty so to do as directors of said bank, and that the claimants were then barred from proving any claim against the bank by reason of the provisions aand limitations of section 3623 of Hemingway's Code.

The cause was heard upon the petition, answer and objections, and the testimony, and the court entered a decree reciting, among other things, that—"It appearing to the court that all the interested parties had been summoned by publication or by personal service to appear and defend this cause, the said cause being in fact one to finally wind up the affairs of the Hebron Bank, which had been liquidated by the state banking department as shown by cause numbered 7025 and styled *In re Liquidation of Hebron Bank, Ex parte State Bank Examiner,* pending

in the chancery court of Lawrence county, Miss.; and it
appearing to the court that this cause is and was filed for
the purpose of obtaining directions from this court as to
how and to whom to pay out and disburse the funds now
cn hand in the care and custody of the petitioners,  .  .  .
and that said liquidating agents have now on hand subject
to disbursement the sum of one thousand nine hundred
twenty-six dollars and thirty-three cents, and that this
money was collected for and on behalf of said liquidating
agents by G. Wood Magee, whom they had retained for
the purpose of collecting said money, the same being assets
of the Hebron Bank; and it appearing to the court from
the evidence in the case that the above petitioners prior to
the time the Hebron Bank went into liquidation were di-
rectors of said bank, and that at various times before said
bank failed contributed or loaned to said bank money in
an effort to keep said bank solvent and to keep the capital
stock thereof from being impaired and so as to keep said
bank alive, and that on the last occasion when said peti-
tioners put up their individual money for such purpose
each of them paid or loaned said bank the sum of one thou-
sand six hundred eighty dollars, and that on this occa-
sion said petitioners did so pay 'or loan said individual
money to said bank at the request of the stockholders of
said bank and with the express understanding and agree-
ment on the part of said stockholders that said petitioners
should be paid back this money out of any funds or divi-
dend belonging to said bank and remaining on hand after
all debts and obligations of said bank should be paid
otherwise as provided by law, and that this was the sense
of the stockholders of said bank as shown by their minutes
at regular stockholders' meetings when and where a ma-
jority of the stock of said bank was represented and voted;
and it appearing further to the court that at the time said
money was paid or loaned as aforesaid by said petitioners
to said bank that they were assured by the state bank ex-
aminer, who was then and there present, that in case there
remained on hand any assets of the bank after paying all

131 Miss.—57

depositors and other creditors of said bank that these petitioners would be repaid their money so put up and advanced by them before any other stockholders of said bank should be paid anything as such stockholders; and it appearing further to the court that S. E. Lee also paid or loaned said bank at the time aforesaid the sum of two hundred and fifty dollars, and that E. M. Berry loaned the sum of one hundred dollars, and that these two last-named men occupy the same position as to the money they advanced as is occupied by the petitioners, and that all are preferred creditors of said bank so far as the funds now on hand are concerned, and that the money or funds now on hand as assets of said bank really and in truth came from money paid or put up by the parties named above and as a result of such payment by said parties, and 'that these various several amounts were paid into the assets of said bank."

The decree then ordered and directed that out of the assets of the bank then on hand the court costs and an attorney's fee for collecting the fund should be first paid, and that the remainder of the fund should be paid to the parties who had advanced money to the bank in proportion to the amount advanced by each of them, and from this decree the defendants prosecuted this appeal.

On appeal it is contended by appellants that the claims of appellees cannot be allowed for the reason that they failed to comply with the provisions of section 3623, Hemingway's Code, by proving their claims before the state banking department within the time and in the manner therein prescribed. We do not think, however, that this point can be raised or maintained or this record. The testimony taken in the court below was not made a part of the record and is not before us. The chancellor expressly found from the evidence, including the minutes of the regular stockholders' meetings, that the money advanced to the bank by petitioners had been so advanced at the request of the stockholders, and with the express understanding and agreement on the part of said stockholders that this money

should be repaid to petitioners out of any funds or divi-
dends belonging to said bank and remaining on hand after
all debts and obligations of said bank had been paid other-
wise as provided by law, and since the evidence is not
made a part of the record the presumption must prevail
that the findings of fact by the chancellor were supported
by the evidence. This being true, it must be taken as es-
tablished that the stockholders had entered into an agree-
ment that the assets of the bank remaining after its affairs
had been administered by the state banking department
should be first applied to the repayment of these advances,
and that petitioners had advanced this money on the faith
of this agreement. The assets remaining after the bank
had been liquidated by the state banking department were
the property of these stockholders, and we see no reason
why they could not make such agreement, and having
made it, why they should not be bound thereby.

Since the decree of the court below is presumed to be
fully supported by the evidence, it will be affirmed.

*Affirmed.*